Brian K. Brookey, CA SBN 149522
HONIGMAN LLP
1440 New York Ave NW
Suite 200
Washington, DC 20005-2111
Telephone: 202-521-0556
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| EMPOWER TRIBE COMMERCIAL FZE, a Dubai company, and EMPOWER TRIBE IP HOLDINGS LTD., an Abu Dhabi company,<br><br>Plaintiffs,<br><br>v.<br><br>ROLAND CORPORATION, a Japanese corporation, and ROLAND CORPORATION U.S., a Delaware corporation,<br><br>Defendants. | Case No.   2:25-cv-09658<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, Empower Tribe Commercial FZE, and Empower Tribe IP Holdings Ltd., bring this action against Defendants Roland Corporation and Roland Corporation U.S., and allege as follows:

62342193.1

## THE PARTIES

1. Plaintiff Empower Tribe HQ FZE ("Empower") is a Dubai company with its principal place of business in Dubai, United Arab Emirates.

2. Plaintiff Empower Tribe IP Holdings Ltd. ("Empower IP") is a United Arab Emirates company with its principal place of business in Abu Dhabi, United Arab Emirates. Empower and Empower IP are referred to collectively below as "Plaintiffs."

3. Plaintiffs allege on information and belief that Defendant Roland Corporation ("Roland") is a Japanese corporation with its principal place of business within the United States in Los Angeles, California.

4. Plaintiffs allege on information and belief that Defendant Roland Corporation U.S. ("Roland U.S.") is a Delaware corporation with its principal place of business in Los Angeles, California. Roland and Roland U.S. are referred to collectively below as "Defendants."

5. Roland publicly characterizes Roland U.S. as its wholly-owned subsidiary and exclusive distributor within the United States. Plaintiffs allege on information and belief that Roland directs the activities of, and derives profits from, Roland U.S.'s activities, including Roland U.S.'s acts of patent infringement described below.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. § 1338(a), the Court has subject matter jurisdiction over this matter because it arises under an Act of Congress relating to patents.

4. This Court has personal jurisdiction over Defendants because they each engage in systematic and continuous activities in this District, including maintaining a business location in Los Angeles, California. Additionally, in the past both Roland and Roland U.S. have invoked the jurisdiction of this Court by filing lawsuits in the Central District of California. Exercising personal jurisdiction over each of the Defendants is reasonable and comports with due process.

5. Venue is proper in this District under 28 U.S.C. §1400(b) because both Defendants have committed acts of patent infringement, and have regular and

62342193.1

established places of business, here.

## GENERAL ALLEGATIONS

6. Empower is engaged in the design, manufacture, advertising, promotion, and sale of musical instruments and accessories. These products are sold under a number of brands, including Behringer, Music Tribe, and TC Electronic.

7. One of the products Empower sells, directly and through distributors, is the TC Electronic Polytune (the "Polytune").

8. The Polytune is covered by at least the following patents, owned by Empower IP after a series of assignments, and licensed to Empower exclusively: U.S. Patent Nos. 8,334,449; 8,338,683; 8,350,141; 8,873,053; 9,070,350; and 9,076,416.

9. U.S. Patent No. 8,338,683 (the '683 Patent), titled "Polyphonic Tuner," was issued on December 25, 2012 to Søren Henningsen Nielsen, Esben Skovenborg, Lars Arkaes-Pedersen, and Kim Rishøj Pedersen. The '683 Patent originally was assigned to The TC Group A/S. Empower IP has owned the '683 Patent since January 22, 2025.

10. The '683 Patent is presumed, and is in fact, valid and enforceable. A copy of the '683 Patent is attached as Exhibit A.

11. The '683 Patent claims a tuning device for musical instruments, including guitars. Among other things, the invention claims a method for tuning multiple guitar strings at the same time and an apparatus for doing so.

12. The Polytune is a commercial embodiment of the '683 Patent.

13. The Polytune was launched in 2011. Since that time, Empower and its predecessors and affiliates have spent significant sums advertising and promoting the product, including by emphasizing its innovative features and the fact that the product is covered by a number of patents. Empower currently lists relevant U.S. and foreign-equivalent patents for the Polytune on its website, located at www.musictribe.com.

14. Empower sells a number of versions of the Polytune throughout the United States, including through such well-known distributors as Sweetwater, Reverb, and Amazon. It has gained recognition and generated significant sales, and enjoys a strong

62342193.1

reputation with professional and amateur musicians as an excellent, useful product.

15. Defendant Roland Corporation is a massive international corporation, based in Japan, that also sells musical instruments and accessories, including under the Boss brand name. Although Roland has developed many products on its own, it decided that instead of creating a polyphonic tuner itself, it would simply knock off Empower's patented device instead.

16. Defendants currently sell at least three products incorporating tuners that infringe, directly or indirectly, at least Claims 1 and 30 of the '683 Patent: the Boss GX-100, the Boss GX-10, the Boss GT-1000, the Boss GT-1000CORE, the Boss GT-100 Version 2, the Boss SY-1000, and the Roland GR-55 (collectively, the "Accused Devices"). Each of these products comprises a tuner that reads on every limitation of Claim 30, an apparatus claim, and each is accompanied by a manual clearly instructing end users how to practice the method of Claim 1, and inducing them to do so.

17. Defendants have never sought or obtained a license of the '683 Patent, and are not authorized to practice any claim of that patent.

18. Through their counsel in Germany, Plaintiffs contacted Roland, informing it of the infringement and seeking an amicable resolution. Roland denied infringement, refused to negotiate a potential settlement, and refused to cease infringing.

19. As a result, Plaintiffs bring this action to vindicate their important intellectual property rights, to recover damages arising from Defendants' willful infringement, and to put an end to that infringement.

## COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 8,338,683

20. Plaintiffs repeat, reallege, and incorporate by reference the allegations of paragraphs 1 through 19 of this Complaint as though set forth fully here.

21. Defendants directly infringe at least Claim 30 of the '683 Patent, and contribute to or induce the infringement of at least Claim 1 of the '683 Patent, by making, using, offering for sale, selling, and importing into the United States devices

4

that practice the claims of the '683 Patent, without authorization by or a license from either of the Plaintiffs.

22. A detailed claim chart demonstrating that the Accused Devices infringe the '683 Patent is attached as Exhibit B, and the contents of that claim chart are incorporated into these allegations by reference.

23. Among other things, and as confirmed by Defendants' own product manuals, all of the Accused Devices permit a user to select between a monophonic mode and a polyphonic mode. Third-party reviewers have also pointed out this feature of some or all of the Accused Devices.

24. Plaintiffs allege that Defendants literally infringe the '683 Patent, but at a minimum they infringe the patent under the doctrine of equivalents.

25. Defendants' infringement has harmed, and unless enjoined will continue to harm, Plaintiffs. As a result, Plaintiffs are entitled to their compensatory damages, or at a minimum a reasonable royalty.

26. Defendants' infringement was and is willful, entitling Plaintiffs to treble damages.

27. Additionally, monetary damages are insufficient to compensate Plaintiffs for all the harm Defendants' willful infringement has caused. Therefore, Plaintiffs are also entitled to a preliminary and permanent injunction prohibiting further sales of the Accused Devices, and of any other Roland product that practices any claim of the '683 Patent.

## PRAYER FOR RELIEF

**THEREFORE**, Plaintiffs pray for judgment as follows:

1. That Roland and Roland U.S. each be found to have infringed one or more claims of the '683 Patent.

2. That each of the Defendants' infringement be deemed willful.

62342193.1

3. That Plaintiffs be awarded compensatory damages against each of the Defendants, jointly, and severally, and that those damages include at a minimum, a reasonable royalty

4. That Plaintiffs' damages be trebled pursuant to 35 U.S.C. §284.

5. That the Court issue a preliminary and permanent injunction prohibiting further infringement of the '683 Patent by Roland, Roland U.S., and their respective officers, agents, employees, attorneys, representatives, and all others acting in concert with any of them that receive notice of the injunction.

6. That the Court deem this an exceptional case and award Plaintiffs their reasonable attorneys' fees incurred in this matter pursuant to 35 U.S.C. §285.

7. That the Court award Plaintiffs their costs of suit.

8. That the Court grant any other and additional relief that it deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: October 6, 2025

Honigman LLP

By: /s/ Brian K. Brookey
Brian K. Brookey
1440 New York Ave NW
Suite 200
Washington, DC 20005-2111
202-844-3390

62342193.1