Brian K. Brookey, CA SBN 149522
Aaron D. Bray, CA SBN 327771
HONIGMAN LLP
1440 New York Ave NW
Suite 200
Washington, DC 20005-2111
Telephone: 202-521-0556
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| EMPOWER TRIBE COMMERCIAL FZE, a Dubai company, and EMPOWER TRIBE IP HOLDINGS LTD., an Abu Dhabi company,<br><br>Plaintiffs,<br><br>v.<br><br>ROLAND CORPORATION, a Japanese corporation, and ROLAND CORPORATION U.S., a Delaware corporation,<br><br>Defendants. | Case No. 2:25-cv-09658-SPG-JC<br><br>[*Assigned to the Hon. Sherilyn Peace Garnett*]<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR SECOND 30-DAY EXTENSION OF TIME TO RESPOND TO COMPLAINT** |

Plaintiffs, Empower Tribe Commercial FZE, and Empower Tribe IP Holdings Ltd. (collectively, "Empower") oppose Defendants' ex parte application for a second lengthy extension of time to respond to the complaint, as follows.

## I. INTRODUCTION

Defendants' application is substantively meritless and procedurally improper. Ex parte applications are designed for true emergencies, not manufactured ones or those created by a party's own lack of diligence. Empower offered Defendants a second extension of time to respond to the complaint, totaling 46 days from the original response deadline. Empower explained that if the parties begin actively engaging in settlement discussions, it would be open to potentially granting another extension before the proposed January 9 deadline expires. Rather than take yes for an answer, Defendants rush into Court demanding that they get a full 60-day extension *now*, making no promises as to when or if they will finally respond to a series of settlement overtures Empower began making *nearly five months ago*. The Court should reject Defendants' application instead of rewarding Defendants' inattention and lack of diligence.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The parties' dispute dates back to July 2025, when Empower's German counsel first sent a cease and desist letter to Defendants asserting infringement of the patent in suit here, and of a European counterpart. In subsequent correspondence dated July 25 and August 25 from Defendants' counsel Victor de Gyarfas of Foley & Lardner LLP, Defendants set forth their infringement analysis, denied infringement, and declined to engage in any settlement negotiations. Declaration of Brian K. Brookey ("Brookey Dec."), ¶¶ 2-3.

In light of Defendants' continuing infringement, Empower filed a one-count complaint for patent infringement on October 9, 2025. Dkt. No. 1. On October 15, the same day the summons issued (Dkt. No. 8), Empower's counsel e-mailed the complaint and related documents to Mr. de Gyarfas and asked if he would accept service. Empower also again solicited a settlement discussion. Mr. de Gyarfas ignored this e-mail. On October 21, Empower's counsel followed up with

- 2 -
PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR SECOND 30-DAY EXTENSION OF TIME TO RESPOND TO COMPLAINT 63138673.1

63138673.1

Mr. de Gyarfas, who again did not provide the courtesy of a response (not even to tell Empower that he was no longer representing Defendants). Brookey Dec., ¶¶ 4-5.

Empower then attempted to serve Defendants at their United States headquarters in late October. According to Defendants' website, those headquarters are located at 5100 S. Eastern Avenue in Los Angeles. Defendant Roland Corporation U.S. similarly lists that location as the address of its registered agent for service of process, Junpei Yamato. However, both the corporate records and Defendants' website contain incorrect information. Apparently, Defendants vacated their registered address one year ago – even though they never updated their records and continued to advertise the incorrect address on their website. Brookey Dec., ¶¶ 6-7.

In light of the false corporate information and the refusal of Defendants' then-counsel to communicate, Empower arranged to serve Defendants' agent at his home address. That service occurred on November 2, 2025, making Defendants' response due on November 24, 2025. Brookey Dec., ¶ 8.[1]

On November 7, 2025, counsel for the parties discussed whether it might be possible to resolve this matter, and Defendants' new counsel requested a very lengthy extension of 90 days to respond to the complaint. Empower e-mailed a settlement proposal to Defendants the following day, and offered a six-week extension, to January 5, 2026. Defendants rejected that idea, but the parties

---

[1] When instructing its process server to serve Defendants at Mr. Yamato's home, Empower did not specify the day or the time of day that service was to be made. Defendants have complained that service was effected on a Sunday morning, but Empower had no control over the timing. *Id.* And of course, if Defendants' counsel had simply accepted service as requested, or if Defendants had updated their business address with the California Secretary of State, this method of service would not have been necessary at all. See Cal. Corp. Code § 1502(b) (requiring corporations to file statements of information designating the name and address of agents for service of process); Statements of Information Filing Tips :: California Secretary of State ("any time there are information changes in between statutory filing periods, an updated statement should be filed").

ultimately agreed to an initial 30-day extension. *See* Dkt. No. 14. Empower assured Defendants that if the parties made progress towards settlement, it would be willing to consider additional extensions. Brookey Dec., ¶¶ 9-10.

More than a month later, Defendants have not responded to Empower's settlement demand or provided any timeline for doing so other than saying it would be sometime after December 19. Although Defendants represent to the Court that there have been "productive settlement negotiations," (Dkt. No. 16 at 4:12), the truth is that there have been no such negotiations, much less productive ones. Again, Empower had attempted to engage in settlement negotiations for five months, but has yet to receive a single proposal from Defendants.[2] Yet based in part on the pendency of discussions that have not occurred, Defendants now seek yet another extension of time – to a date more than three a and a half months after they first received the complaint, and two and a half months after they were formally served.

Empower offered Defendants an extension to a date after the December and New Year's holidays, so that Defendants do not need to file an answer on Christmas Eve. That offer was conditioned on Defendants responding before the holidays to the November 7 settlement demand. Brookey Dec., ¶ 11. Instead of simply accepting this offer, Defendants chose to bother this Court with a non-emergency ex parte application.

### III. DEFENDANTS FAIL TO SHOW GOOD CAUSE FOR ANOTHER LENGTHY EXTENSION

Although Defendants try to paint Empower's position as "discourteous," nothing could be further from the truth. Empower readily agreed to a 30-day extension of time on the expectation that Defendants would use that period to

---

[2] Regardless of whether Defendants technically violated Rule 408 of the Federal Rules of Evidence, Empower submits that Defendants should not have disclosed to the Court and the public, as they have done, the contents of Empower's demand.

- 4 -

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR SECOND 30-DAY EXTENSION OF TIME TO RESPOND TO COMPLAINT 63138673.1

63138673.1

engage in substantive settlement discussions – an expectation that was not met. In light of the holidays, Empower also agreed to grant an additional 16-day extension (meeting Defendants more than halfway). All Empower asked in return was for Defendants, who said they would complete their infringement analysis by December 19 (even though they already conducted this analysis months ago), to respond to Empower's offer shortly thereafter. Defendants refuse to make that commitment, or to compromise at all on the length of the extension. They want the extension they want, offering nothing in return. Empower is concerned that if granted Defendants an additional 30 days to respond to the complaint, they would continue to delay in discussing settlement (as they have done since July), and then seek yet another extension in a month.

This case needs either to move forward, or to settle. Defendants apparently want neither. In the meantime, they are continuing to infringe Empower's patent. Defendants are represented by one of the largest law firms in the world, and do not need 60 days from formal service to prepare an answer to a one-count complaint.[3] Again, if the parties make settlement progress, Empower very well may grant Defendants the extension they seek by their ex parte application. But such an extension at this point, with no movement towards settlement, would just create delay for the sake of delay and prejudice Empower.

Defendants fall far short of their burden of demonstrating good cause. They

---

[3] By the time the parties entered their stipulation for a first extension of time, the deadline had passed for the required Rule 7-3 conference on a motion to dismiss. Defendants' counsel had raised the issue of service during his initial call with Empower's counsel, but in the context of discussing an extension of time and in promising to discuss settlement. This was not represented as, and did not serve as, the meaningful pre-filing conference required by the Local Rules. Brookey Dec., ¶ 12. Each party made clear in the stipulation for extension that it was preserving all rights existing at the time, which for Defendants no longer included the right to file a motion to dismiss. Empower made clear when agree to the extension that it was not agreeing to re-open the deadline for a Rule 7-3 conference. *Id.* And in any event, Defendants have never raised an issue with respect to the effectiveness of service and the U.S. company, so presumably that party plans to answer.

- 5 -

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR SECOND 30-DAY EXTENSION OF TIME TO RESPOND TO COMPLAINT 63138673.1

63138673.1

should accept Empower's offer of a slightly briefer extension to get past the holidays and permit them to make a settlement proposal. That offer remains on the table.

## IV. THERE IS NO EMERGENCY JUSTIFYING EX PARTE RELIEF

This Court's procedures as listed on the Central District's website make clear that: "Applications seeking ex parte relief, whether based on lack of notice and/or a request for an expedited briefing schedule, are highly disfavored if due to lack of diligence, a crisis of the applicant's own making, or an unwillingness to work through procedural issues with an opposing party. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995)." All three conditions that render an ex parte application "disfavored" exist here.

First, as noted, Defendants have had the complaint since mid-October, performed a pre-lawsuit infringement analysis last summer, and have had a settlement proposal for nearly five weeks. If they had been diligent in preparing an answer or a response to Empower's proposal, they could easily have met either the original and the originally extended answer deadline. For similar reasons, any "crisis" is entirely of Defendants' own making. If they had gotten back to Empower within the last month with a counter-offer (or engaged with Empower in response to its previous multiple attempts), Empower might have been willing to grant them all the additional time they seek in the hope that a settlement was imminent. The lack of progress is what gives rise to what Defendants now characterize as a crisis.[4] And third, Defendants chose an all or nothing approach, threatening this ex parte application unless Empower capitulated completely and gave them another 30 day

---

[4] And if Defendants' prior counsel had accepted service, or Defendants' corporate records and website did not contain false information about their U.S. headquarters and their agent's business address, formal service would have been effected sooner and response dates would not have fallen during the holidays.

- 6 -

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR SECOND 30-DAY EXTENSION OF TIME TO RESPOND TO COMPLAINT 63138673.1

63138673.1

extension. Defendants refused to negotiate a compromise, even one that would give them an extension until after the holidays with a potential for further extensions if the parties make settlement progress. This is exactly the type of "disfavored" application the court in *Mission Power* decried.

Further, there is simply no emergency here. If Defendants were to accept Empower's proposal and then, sometime before the proffered January 9 answer deadline, decided they needed more time that Empower declined to grant, they could seek relief then. Their ex parte application is premature, unnecessary, and lays the groundwork for Defendants to seek further extensions later, regardless of whether good cause ever exists.

*Mission Power* characterizes an ex parte application as equivalent to shouting fire in a crowded theater: "There had better be a fire." *Mission Power*, 883 F. Supp. At 492. There is no fire here, and certainly not one that Defendants did not set themselves. The Court should deny the application, in which case Empower will honor its commitment to stipulate to a 16-day extension if Defendants simply provide the settlement proposal Empower has been requesting since July.

## V.     CONCLUSION

Defendants' application is the very type of "disfavored" request condemned in *Mission Power*: a purported crisis of their own making, driven by an unwillingness to work cooperatively. Empower has already granted one extension and offered another that accommodates the holidays. What Empower cannot do is continue granting extensions while Defendants ignore settlement overtures and delay the progress of this case.

Empower does not relish starting off this litigation with disputes over scheduling or over service, disputes that serve no purpose other than to delay the administration of justice and raise the parties' expenses. But neither can they continue to hand out extension after extension while receiving nothing in return.

- 7 -
PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR SECOND 30-DAY EXTENSION OF TIME TO RESPOND TO COMPLAINT 63138673.1

63138673.1

Empower did not say "no" to the requested extension. It just said "not yet." The Court should deny Defendants' ex parte application and enforce the reasonable compromise Empower has proposed.

Dated: December 10, 2025                               Honigman LLP


By: /s/ Brian K. Brookey
Brian K. Brookey
1440 New York Ave NW
Suite 200
Washington, DC 20005-2111
202-844-3390

- 8 -
PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR SECOND 30-DAY EXTENSION OF TIME TO RESPOND TO COMPLAINT 63138673.1

63138673.1