Brian K. Brookey, CA SBN 149522
Aaron D. Bray, CA SBN 327771
HONIGMAN LLP
1440 New York Ave NW
Suite 200
Washington, DC 20005-2111
Telephone: 202-521-0556
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| EMPOWER TRIBE COMMERCIAL FZE, a Dubai company, and EMPOWER TRIBE IP HOLDINGS LTD., an Abu Dhabi company,<br><br>Plaintiffs,<br><br>v.<br><br>ROLAND CORPORATION, a Japanese corporation, and ROLAND CORPORATION U.S., a Delaware corporation,<br><br>Defendants. | Case No. 2:25-cv-09658-SPG-JC<br><br>[*Assigned to the Hon. Sherilyn Peace Garnett*]<br><br>**DECLARATION OF BRIAN K. BROOKEY IN OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR SECOND 30-DAY EXTENSION OF TIME TO RESPOND TO COMPLAINT** |

I, Brian K. Brookey, declare:

1. I am a partner of Honigman LLP, attorneys of record for Plaintiffs, Empower Tribe Commercial FZE and Empower Tribe IP Holdings Ltd. (collectively, "Empower"). I make this declaration of my personal knowledge, and if called as a witness could testify competently to each of the following facts.

2. The parties' dispute dates back to July 25 of this year, when Empower's German counsel first sent a cease and desist letter to Defendants asserting infringement of the patent in suit here, and of a European counterpart.

3. In subsequent correspondence dated July 25 and August 25 from Defendants' counsel Victor de Gyarfas of Foley & Lardner LLP, Defendants set forth their infringement analysis, denied, infringement, and declined to engage in any settlement negotiations.

4. Empower filed its one-count complaint against Defendants, alleging patent infringement, on October 9, 2025. On October 15, the same day the summons issued, I e-mailed the complaint and related documents to Mr. De Gyarfas and

- 2 -
DECLARATION OF BRIAN K. BROOKEY IN OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR SECOND 30-DAY EXTENSION OF TIME TO RESPOND TO COMPLAINT

63142521.1

asked if he would accept service. I also again solicited a settlement discussion. Mr. Mr. de Gyarfas ignored this e-mail.

5. I sent Mr. de Gyarfas a follow-up e-mails on October 21, 2025. Again, Mr. de Gyarfas did not provide the courtesy of a response (not even to say that he was no longer representing Defendants).

6. Empower then attempted to serve Defendants at their United States headquarters beginning later in October. According to Defendants' website, those headquarters are located at 5100 S. Eastern Avenue in Los Angeles. Defendant Roland Corporation U.S. similarly lists that location as the address of its registered agent for service of process, Junpei Yamato.

7. Both the corporate records and Defendants' website contain incorrect information. Apparently, Defendants vacated their registered address one year ago – even though they never updated their records and continued to advertise the incorrect address on their website. Therefore, Empower was unable to serve Defendants' registered agent for service of process at his purported business address.

8. Empower then arranged to serve Defendants' agent at his home address. That service occurred on November 2, 2025, making Defendants' response due on November 24, 2025. When instructing its process server to serve Defendants at Mr. Yamato's home, my firm did not specify the day or the time of day that service was

- 3 -

DECLARATION OF BRIAN K. BROOKEY IN OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR SECOND 30-DAY EXTENSION OF TIME TO RESPOND TO COMPLAINT

63142521.1

to be made. Defendants have complained that service was effected on a Sunday morning, but we had no control over the timing.

9. During a November 7, 2025 call, Defendants' counsel Michael Solomita and I discussed whether it might be possible to resolve this matter, and Mr. Solomita requested a very lengthy extension of 90 days to respond to the complaint. I e-mailed Mr. Solomita a settlement proposal the following day, and offered a six-week extension, to January 5, 2026.

10. Defendants rejected that idea, but the parties ultimately agreed to an initial 30-day extension. I assured Mr. Solomita that if the parties made progress towards settlement, Empower would be willing to consider additional extensions.

11. More than a month later, Defendants have not responded to Empower's settlement demand or provided any timeline for doing so other than to say they would respond after completing a supposed infringement analysis on December 19. Yet Defendants seek yet another extension of time – to a date more than three a and a half months after they first received the complaint, and two and a half months after they were formally served. Empower offered Defendants an extension to January 9, after the December and New Year's holidays, so that Defendants do not

1  need to file an answer on Christmas Eve. That offer was conditioned on receiving a

2  response to Empower's settlement demand before the holidays.

3  12.   By the time the parties entered their stipulation for a first extension of time,

4  the deadline had passed for the required Rule 7-3 conference on a motion to

5  dismiss. Defendants' counsel had raised the issue of service during our telephone

6  conversation, but in the context of discussing an extension of time and in promising

7  to discuss settlement. This call was not represented as, and did not serve as, the

8  meaningful pre-filing conference required by the Local Rules. During a telephone

9  call, I made this point clear to Mr. Solomita's colleague Alex Scrandoli and told

10 him that Empower was not, by entering the stipulation for extension, agreeing to re-

11 open the Rule 7-3 conference deadline.

12 13.   Defendants falsely contend that I failed to confer with Mr. Solomita

13 regarding Defendants' ex parte application. Mr. Solomita asked if Empower would

14 oppose an application for an additional 30 day extension, and I told him Empower

15 could not agree to keep delaying matters with no progress towards settlement.

16 Contrary to Defendants' argument, this was not a "failure to respond" to Mr.

- 5 -

DECLARATION OF BRIAN K. BROOKEY IN OPPOSITION TO DEFENDANTS' EX PARTE
APPLICATION FOR SECOND 30-DAY EXTENSION OF TIME TO RESPOND TO COMPLAINT

63142521.1

Solomita's request. The parties discussed the improper ex parte application repeatedly by e-mail, and Empower made its position very clear.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed on December 10, 2025 in Washington, D.C.

/s/ Brian K. Brookey

- 6 -
DECLARATION OF BRIAN K. BROOKEY IN OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR SECOND 30-DAY EXTENSION OF TIME TO RESPOND TO COMPLAINT

63142521.1