Brian K. Brookey, CA SBN 149522
HONIGMAN LLP
1440 New York Ave NW
Suite 200
Washington, DC 20005-2111
Telephone: 202-521-0556

Aaron D. Bray, CA SBN 327771
321 N. Clark St.
Suite 500
Chicago, IL 60654-4769
Telephone: 312-701-9300

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| EMPOWER TRIBE COMMERCIAL FZE, a Dubai company, and EMPOWER TRIBE IP HOLDINGS LTD., an Abu Dhabi company,<br><br>Plaintiffs,<br><br>v.<br><br>ROLAND CORPORATION, a Japanese corporation, and ROLAND CORPORATION U.S., a Delaware corporation,<br><br>Defendants. | Case No. 2:25-cv-09658-SPG-JC<br><br>**DECLARATION OF BRIAN K. BROOKEY IN SUPPORT OF PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>**Date:** February 25, 2026<br>**Time:** 1:30 p.m.<br>**Ctrm:** 5C<br><br>**Hon. Sherilyn Peace Garnett** |

1  I, Brian K. Brookey, declare:

2  1. I am a partner at Honigman LLP, and lead counsel for Plaintiffs Empower Tribe Commercial FZE and Empower Tribe IP Holdings Ltd. (collectively, "Empower"). I make this declaration of my personal knowledge, and if called as a witness could testify competently to each of the following facts.

3  2. At approximately 1:30 p.m. EST on January 16, 2026, one week before Defendants' deadline to respond to the Complaint in this action, Defendants' counsel Michael Solomita left me a voicemail explaining that Defendants planned to file a motion to dismiss under Rule 12(b)(6) under 35 U.S.C. § 101 in lieu of answering the Complaint. He did not mention in his message any motion to dismiss for alleged pleading defects. A transcription of Mr. Solomita's voicemail is attached as **Exhibit A**.

4  3. Shortly after 2:00 p.m. EST, Mr. Solomita sent an email following up on that call, stating: "This is further to the voicemail I just left you advising that Defendants in the above-referenced case will file a FRCP Rule 12(b)(6) motion to dismiss in lieu of answering the complaint on January 23, 2026. My understanding is that L.R. 7-3 requires us to confer by telephone or video conference regarding the contemplated motion. So, please let me know when you are free." A copy of this email is attached as **Exhibit B**.

5  4. I returned Mr. Solomita's phone call at approximately 2:45 p.m. During that call, which was like all our previous calls cordial and professional, Mr. Solomita said that his client planned to file a motion to dismiss based on 35 U.S.C. § 101 because the asserted patent supposedly claimed abstract, unpatentable subject matter. He declined to provide further explanation for this argument or to cite any case law. He also did not raise, much less "discuss thoroughly," the adequacy of Empower's allegations that Defendants are liable for induced or contributory infringement. After receiving Defendants' motion, I reviewed the handwritten notes of my call with Mr.

- 1 -

1  Solomita, which consistent with my memory and with Mr. Solomita's voicemail,
2  refer solely to the Section 101 challenge the Complaint and not to any other basis for
3  a Rule 12(b)(6) motion.
4      5.    I did not object at the time to conducting the purported Local Rule 7-3
5  conference telephonically. However, when at the conclusion of the call Mr. Solomita
6  said that he believed he had discharged his Rule 7-3 obligations, I told him I could
7  not agree without verifying this Court's specific requirements separate from the text
8  of Local Rule 7-3 itself.

    I declare under penalty of perjury that the foregoing is true and correct, and that this declaration is executed on February 4, 2026, in Washington, D.C.

/s/ Brian K. Brookey  
Brian K. Brookey

- 2 -